UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| CARL WATKINS, | ) |
| Petitioner, | ) Civil Action No. 6: 13-12-DCR |
| V. | ) |
| J. C. HOLLAND, Warden of FCI-Manchester, | ) **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Carl Watkins is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky ("FMC-Manchester"). Proceeding without counsel, Watkins filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Through this action, he seeks to compel the Bureau of Prisons ("BOP") to recalculate his term of imprisonment. [Record No. 1] Watkins also filed a Motion to Compel the BOP to Comply with Judgment Order, in which he essentially reiterates the claims asserted in his § 2241 motion. [Record No. 16] Having reviewed Watkins' petition and motion to compel, the Court will deny the relief requested.

**I.**

On February 1, 2010, Watkins was arrested by local law enforcement in Clayton County, Missouri. On February 4, 2010, while in state custody, a federal grand jury returned a three-count indictment against Watkins for robbery of federally insured institution in violation of 18

U.S.C. § 2113(a). [*United States v. Watkins*, No. 4: 10-CR-50-HEA (E.D. Mo. Feb. 4, 2010), Record Nos. 1, 2] On February 8, 2010, he was transferred into federal custody pursuant to a writ of habeas corpus *ad prosequendum*. [Record No. 16-1, p. 15] Watkins entered a written plea agreement on October 14, 2010. [*Watkins*, No. 4: 10-CR-50-HEA, Record Nos. 50, 51] And on February 22, 2011, he was sentenced to a 54-month term of incarceration. [*Id.* at Record Nos. 64, 66]

On January 19, 2012, Watkins filed a motion with the district court seeking to be granted proper jail time credit. [*Id.* at Record No. 95] Watkins indicated that on February 24, 2011 — two days after his federal sentence was imposed — the State of Missouri revoked his probation from a prior 2009 state conviction for theft of a credit card, and sentenced him to a three-year term of imprisonment to be served concurrently with his pre-existing federal term. [*Id.* at Record No. 95-1, p. 8; *see also* Record No. 1-1, p. 1] During his state sentencing hearing, the state judge explained to Watkins that the Missouri Department of Corrections would take him into state custody to classify him, but would then later release him back into federal custody. [Record No. 16-1, p. 43] On July 14, 2011, the Missouri Department of Corrections released Watkins into federal custody. [Record No. 1-1, p. 1]

## II.

In conducting an initial review of habeas petitions pursuant to 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Because Watkins is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, Watkins' factual allegations are accepted as true and his legal claims are liberally construed in his favor.

Watkins's § 2241 petition does not articulate a legal or factual basis for the relief he requests.[1] [Record No. 1] Instead, he merely references various documents attached to his petition. These documents include a Form BP-230, dated February 27, 2012, that Watkins filed with the Mid-Atlantic Regional Office ("MARO"), apparently requesting credit against his federal sentence for time served in state custody. [Record No. 1-1, p. 4] On March 2, 2012, MARO denied his request pursuant to 18 U.S.C. § 3585(b). [*Id.*, p. 3] However, it construed the request as also seeking a *nunc pro tunc* designation pursuant to *Barden v. Keohane*, 921 F. 2d 476 (3d Cir. 1991). [*Id.*, p. 2] MARO referred this request to the BOP's Designation and Sentence Computation Center for consideration. [*Id.*, p. 3] On July 24, 2013, the BOP's Central Office issued a decision regarding Watkins' request for sentencing credit and his construed request for relief under *Barden*. [Record No. 16-1, pp. 14-16] It concluded that the sentencing credit Watkins sought against his federal sentence was precluded because "[a] review of state records indicates [his] probation violation sentence was credited with time spent in custody from

---

1    Watkins' § 2241 motion states that he seeks "18 months jail credit while in Federal and State custody before being remanded to the Bureau of Prisons to serve state 3 year sentence ran concurrent with federal 54-month sentence, which would be approximately 36 months . . . ." [Record No. 1, p. 8]

February 1, 2010." [*Id.*, p. 15] The Central Office also declined to authorize a retroactive designation under *Barden*.[2] [*Id.*, p. 16]

Watkins also filed an addendum to his § 2241 petition that assists in clarifying the nature of his claim. [Record No. 15] In the addendum, Watkins asserts that although he was arrested by local authorities on February 1, 2010, and placed in the St. Louis County Justice Center, he was "in fact" considered a "federal detainee" as of February 5, 2010 (the date of his federal writ of habeas corpus *ad prosequendum*). [Record No. 15, p. 1] He contends that his argument is further supported by the requirement that his requests for medical care be pre-approved by the United States Federal Marshal Service. [*See* Record No. 15-1, p. 5] Watkins argues that because he was in exclusive federal custody from February 5, 2010, he is entitled to credit against his federal sentence from that date. [Record No. 15, p. 1]

**II**

Calculation of a federal prisoner's sentence (including both its commencement date and any credits for custody before the sentence is imposed) is determined by federal statute:

> (a)    . . . A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b)    . . . A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

---

2    The Central office indicated that Watkins' *nunc pro tunc* designation was declined because: (i) his state and federal sentences arose out of distinct offenses, (ii) his federal judgment was silent on whether his sentence should run consecutively or concurrently to any other sentence, and (iii) in light of his history of prior criminal charges and prison disciplinary offenses such designation was not warranted. [Record No. 16-1, p. 16]

>	(1)	as a result of the offense for which the sentence was imposed; or
>
>	(2)	as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements § 3585 through Program Statement 5880.28.

Watkins' contention that he was in federal rather than state custody from February 1, 2010, to July 14, 2011, is incorrect. When local law enforcement arrested Watkins, the State of Missouri obtained "primary custody" over him. *See Ponzi v. Fessenden*, 258 U.S. 254 (1922). And Missouri's primary custody continued until it expressly relinquished its control over Watkins. *See Bowman v. Wilson*, 672 F.2d 1145, 1153-54 (3d Cir. 1982); *see also Berry v. Sullivan*, No. 07-5965(JAP), 2007 WL 4570315, at *2 (D. N.J. Dec. 26, 2007) ("Primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its priority by, *e.g.*, bail release, dismissal of the state charges, parole release, or expiration of the sentence."). Watkins' transfer to federal custody pursuant to the writ of habeas corpus *ad prosequendum* did not affect Missouri's primary custodial status. *See Easley v. Steep*, 5 F. App'x 541, 543 (7th Cir. 2001). Therefore, pursuant to § 3585(a), his federal sentence did not commence until he was received into federal custody on July 14, 2011. *See Jones v. Eichenlaub*, No. 08-CV-13624, 2010 WL 2670920, at *2 (E.D. Mich. July 1, 2010) ("A consecutive [federal] sentence imposed on a defendant already in state custody, however, cannot commence until the state authorities relinquish the prisoner on satisfaction of the state obligation.").

Additionally, to the extent Watkins seeks credit for the time spent in state custody before July 14, 2011 (approximately seventeen months), such relief is governed by § 3585(b). Because the time period Watkins spent in state prison was credited against his three-year state probation violation sentence, it may not be "double counted" against his federal sentence. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (holding that under § 3585(b) "a defendant [can] not receive a double credit for his detention time."); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).

Finally, the fact that the state court ordered its sentence to run concurrently with his pre-existing federal sentence does not change this result. While "a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP." *United States v. Allen*, 124 F. App'x 719, 720 (3d Cir. 2005) (*citing Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990)). Further, while a state court may order its sentence to run alongside Watkins's federal sentence, a state court's order directing concurrent sentencing does not and cannot cause a previously-imposed federal sentence to commence until the state sentence has expired. *See* 18 U.S.C. § 3585(a); *Simms v. United States*, No. 08-cv-43-HRW, 2009 WL 3061994, at *4-5 (E.D. Ky. Sept. 21, 2009) (holding that, under such circumstances, a "state court's expressed desire to have its sentence run concurrently with a pre-existing federal sentence [is] unenforceable and devoid of any practical effect").

In summary, the BOP properly determined that 18 U.S.C. § 3585 precludes the credit Watkins seeks. Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Carl Watkins' 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. Petitioner Carl Watkins' motion to compel [Record No. 16] is **DENIED.**

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent J.C. Holland, Warden of FCI-Manchester.

This 18th day of October, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge